### JACOB FARWELL *vs.* MICHAEL ROGERS.

Under an agreement for a conveyance of a lot of land, on payment of the purchase money, a certain amount of which was to be paid annually, "the time commencing at the date of the agreement," the day of the date is to be excluded in the computation; although the agreement provides that the purchaser shall in the mean time have the use of the land.

A stipulation in an agreement for a conveyance of land, that the grantee, in addition to paying the purchase money, shall first clear the land of stones, "at the rate of at least three acres by the year until the whole lot is cleared," "and shall haul the stones into heaps or near the road in places easy of access," to be taken away by the grantor, does not require that the three acres annually cleared shall be cleared in one parcel, but is performed if several parcels or lots are cleared each year, which, taken together, amount to three acres.

THIS was a complaint, originally brought before a justice of the peace, and, afterwards, on appeal to the court of common pleas, tried before *Bigelow*, J., in that court, for the forcible entry and detainer of a certain lot of land in the town of Waltham.

The plaintiff offered in evidence a warranty deed of the premises in question to himself, from one Luke Smith; and proved his possession under the deed subsequent to its date. He also offered evidence tending to show a forcible entry by

the defendant into the premises on the evening of the 4th or morning of the 5th of March, 1848, and a subsequent detainer thereof by force.

The defendant, having pleaded the general issue and duly specified his defence, in order to show his right to have and retain possession of the premises, offered in evidence an agreement under seal, bearing date March 3d, 1847, between the plaintiff and one William H. Ropes, and an assignment of the same by Ropes to the defendant, bearing date June 21st, 1847.

By this agreement, the plaintiff, in consideration of the covenants therein contained on the part of Ropes, agreed, on the full performance of the same by him, within the time allowed therefor, to execute and deliver to him, or his executors, administrators or assigns, or to any one properly authorized by him to receive it, a good and sufficient deed of the premises in dispute, containing about eighteen acres.

Ropes, on his part, agreed to clear the land of stones, and "to haul them into heaps or near to the road, in places easy of access to a team," "at the rate of at least three acres by the year," until the whole lot should be cleared, "the time commencing at the date of this instrument;" and further, to pay the plaintiff, "at least $100 per annum, with interest upon the whole amount due, annually," until the lot should be paid for, at the rate of $25 an acre.

It was also agreed by the parties, that Ropes should have the use of the premises for the time during which the agreement should be in course of execution, free from all charge; and that the plaintiff should, whenever Ropes should request it, examine into the manner in which the clearing was performed, and should signify in writing his acceptance or nonacceptance thereof; and that the plaintiff should have all the stones cleared from the land, and should remove the same, within one year after they were hauled as aforesaid.

And the agreement provided that if Ropes should "fail to fulfil his conditions for the first year," he should forfeit a certain sum, and the agreement should be void. The other stipulations are not material to be stated.

39 *

The defendant also offered evidence to show that the defendant, subsequent to the assignment, and during the fall and winter of 1847, and up to the 1st of March, 1848, was in possession of the premises, clearing the same of stone, and doing other work thereon ; and that Farwell knew of the assignment of the agreement by Ropes to the defendant, and expressly assented thereto.

The plaintiff objected to the admissibility of the agreement and assignment in evidence, on the ground, that the agreement was not in its nature assignable, and that the defendant could not claim any rights under the same, as against the plaintiff. But the court admitted the agreement and assignment in evidence, and on this point instructed the jury, that if they were satisfied that the plaintiff knew of the assignment and assented thereto, the assignment was legal and valid, and the defendant could claim the same rights, under the contract, as against the plaintiff, that Ropes had, or could have claimed, by virtue thereof, if the assignment had not been made.

It appeared in evidence, that a tender of the amount due under the agreement, both for principal and interest, was made by the defendant to the plaintiff on the 3d of March, 1848, and that the plaintiff then refused to receive the tender, for the alleged reason that he had nothing to do with the defendant in the matter. The plaintiff objected to this tender, on the ground, that it was not made in season, according to the terms of the agreement; and that it was invalid, because it was made by the defendant instead of Ropes. The court ruled that the tender was made in due season ; and that being made by Rogers, it would be valid, if the jury should find, under the instructions aforesaid, that the agreement was assigned to the defendant, with the knowledge and assent of the plaintiff.

One question raised at the trial was, whether three acres of land had been cleared of stone according to the stipulation in the agreement, and there was much evidence submitted to the jury on this point by both parties.

The plaintiff contended, that by the true construction of

this part of the agreement, it was necessary to prove that the three acres cleared of stone were in one compact, connected, unbroken body, and that it was not sufficient for the defendant to show, that several lots or parcels of land were cleared of stone according to the agreement, all of which, when added together, amounted to three acres.

The judge instructed the jury, that it was incumbent on the defendant to prove, that three acres of the land had been cleared of stone, in the manner and to the depth stipulated in the agreement; and that it was not necessary, that the part so cleared should all be in one continuous, unbroken, adjacent body of three acres; but if they should find that the several lots or parcels so cleared, when added together, amounted to three acres, that would be a substantial compliance with this part of the agreement.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*P. H. Sears*, for the plaintiff.

I. The tender of $100 was not made within the year, as required by the contract.

" At the date of the instrument" necessarily includes the day of the date. " At" denotes simultaneousness, as distinguished from subsequence or priority; as, the mail starts "at" six o'clock; a star passes the meridian "at" twelve o'clock. In all the cases in which the day of the date has been excluded, the preposition used has been either "from" or "after," and the day has been excluded expressly on the specific meaning of those words. In *Bigelow* v. *Willson*, 1 Pick. 485, 495, Wilde, J., says, "I think, therefore, we are warranted by the authorities to say, that when time is to be computed from or after the day of a given date, the day is to be excluded in the computation. So, also, if we consider the question independent of the authorities, it seems to me impossible to raise a doubt. No moment of time can be said to be after a given day, until that day has expired." By parity of reasoning, where the time is to commence at the date, even though the act of dating were on the very last moment of that day, it still cannot be referred to the subse-

quent day, and as in law a day is an indivisible point of time, the day of the date must necessarily be included. The only cases, in which the expression " at the date" has received judicial construction, are two cited in Rolle's Ab. Estate, (B.) 2, in which it was held, that a lease to take effect " from the day of the date " was void, because the day of the date must be excluded, and then the lease would be a grant *in futuro ;* but that a lease to take effect " at the day of the date" was valid, because the day of the date was included, and therefore it was a grant *in præsenti.* See also Powell on Powers, 476 ; *Seignorett* v. *Noguire,* 2 Lord Raym. 1242, in which last case it was held, that " with the day of the date" included the date. And there is no authority to be found against these.

Even if the preposition used in this case had been "from," instead.of " at," still the general current of authorities would require the day of the date to be included. In *Pugh* v. *Leeds,* Cowp. 714, 717, lord Mansfield, after reviewing all the cases, held that the sense of the word " from" (as including or excluding the day of the date) must always depend upon the context and subject matter. The rule, as fixed by subsequent cases, — and it is one which will reconcile them all, — is, that when the day of the date is a *terminus* from which an interest passes, the day of the date is included; but when it is a *terminus* from which a computation of time merely is to be made, the day of the date is excluded. *Pearpoint* v. *Graham,* 4 Wash. C. C. 232, 240 ; *Donaldson* v. *Smith,* 1 Ashm. 197 ; *Lysle* v. *Williams,* 15 S. & R. 135 ; *Hampton* v. *Evenzeller,* 2 Browne, 18. All the cases in this state, in which the day of the date has been excluded, have been mere computations of time, like *Bigelow* v. *Willson,* 1 Pick. 485, and *Wiggin* v. *Peters,* 1 Met. 127. In the present case an interest passes ; Ropes went into possession and enjoyment of the property ; the case falls, therefore, under the rule including the day of the date.

The other expressions in the agreement, "one hundred dollars *per annum,*" " if Ropes fail to fulfil his contract *for* the first year," &c., support this construction.

II. The language of a contract is to be construed accord-

ing to the understanding and intention of the parties at the time, as gathered from the whole instrument taken together, and from a consideration of the subject matter, interpreting the language in its ordinary and popular sense; and whenever it is ambiguous, taking it most strongly against the party making the stipulation. Chit. Con. 73 *et seq.; Sumner* v. *Williams,* 8 Mass. 162, 214; *Gunnison* v. *Bancroft,* 11 Verm. 490; *Gray* v. *Clark,* 11 Verm. 583; *Atwood* v. *Cobb,* 16 Pick. 227, 229; *Davis* v. *Barney,* 2 Gill & J. 382.

The stipulation that the land should " be cleared at the rate of at least three acres by the year," required the three acres to be cleared in one lot, and not in separate parcels. This appears: 1st. From the language used. Where a particular quantity of any subject matter, which is in its nature continuous, is specified, the general understanding is, that the quantity specified is to be itself continuous; as, an order for three yards of cloth; or the employment of a laborer to go upon a tract of land and clear an acre of it for cultivation, or for the sake of the wood. 2d. From the nature of the subject matter, and of the objects and purposes of the parties, as shown by the other parts of the contract, from which it is evident that the plaintiff intended to provide for a certain yearly supply of stones, and that the three acres were intended as a proximate measure of the supply; if not taken in a compact body, the defendant might first select the spots where there were the fewest stones. 3d. Because it would otherwise be impossible, from the intermingling of the parcels cleared in the different years, for the plaintiff to tell whether the defendant had performed his stipulation or not. 4th. The provision that the defendant "shall haul the stones into heaps or near the road in places easy of access to a team," implies that they are to be made as accessible by being placed in heaps, as if hauled near the road, which would be the case if the three acres were cleared in one continuous body, but not otherwise.

*J. P. Converse* and *Arad Moore,* for the defendant.

*E. Buttrick* replied.

WILDE, J. Two questions were raised upon the trial of

this case, as to the rulings of the court to which the plain-
tiff excepts. The questions arose upon a contract between
the plaintiff and one Ropes, which had been duly assigned to
the defendant. An objection was made to the introduction
of the contract in the defence, which was overruled; but we
consider this objection as waived, as it was not noticed upon
the argument of the exceptions; and we think it very clear
that it cannot be sustained, as it was found by the jury, un-
der the instructions of the court, that the assignment was
made with the plaintiff's assent.

The first question, then, to be decided, is whether the tender
proved of the sum of money due on the contract was made
in season. The contract was dated the 3d of March, 1847,
and the money tendered became due and payable within a
year from the date. The tender was made on the 3d day of
March, 1848, and on that day the money due became pay-
able, according to the decision in *Bigelow* v. *Willson*, 1 Pick.
485. That case was well considered, and the decision is
applicable to the present case, for the reasons stated in the
opinion of the court. The tender, therefore, was valid with-
out the aid of the Rev. Sts. *c.* 100, § 14, which provides, that
the payment or tender of payment of the whole sum, due on
any contract for the payment of money, although made after
the money has become due and payable, may be pleaded to
an action subsequently brought, in like manner, and with the
like effect, as if such payment or tender had been made at the
time prescribed in the contract.

As to the other question, the defendant, as the assignee of
Ropes, was bound to clear the premises from all the stones
thereon, in the manner stipulated by the contract; and the
plaintiff contended, that as the defendant was bound to clear
three acres at least annually, until the whole should be
cleared, the three acres to be cleared should be contiguous,
and not in separate parcels; so that the plaintiff, who was
entitled to the stones, might have a more equal annual sup-
ply than he might have if the same were cleared, as it was,
in separate parcels. This construction of the contract was
not adopted by the court, and we find nothing therein requir-

ing such a construction. There is no stipulation to that effect, nor can it be inferred from the nature or terms of the contract, that such was the understanding of the parties. Nor does it appear from the report of the case, that any evidence was produced tending to prove that the plaintiff had not, in fact, an average supply of stone, or as nearly so as he would have had, if the clearing had been in one parcel, according to his construction of the contract.

*Exceptions overruled.*